IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TEAMSTERS LOCAL UNION NO. 639,  *

Plaintiff,  *

v.  *  Civil Action No. 23-780-PJM

TRANSDEV SERVICES, INC.  *

Defendant.

***

## MEMORANDUM OPINION

Teamsters Local Union No. 639 (the "Union") has filed a Motion for Attorney's Fees and accompanying documentation in compliance with the Court's Local Rule 109.2 and Appendix B to the Rules (ECF No. 33). Transdev has filed a response in opposition (ECF Nos. 34, 36), and the Union has replied (ECF No. 37). The Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the following reasons, the Court will **GRANT** the Union's Motion for Attorney's Fees (ECF No. 33), albeit slightly reduced.

## BACKGROUND

In this action to enforce an arbitration award, the Court granted summary judgment in favor of the Union on November 22, 2023. *See* ECF Nos. 31, 32. In its Memorandum Opinion of that date, the Court also found that an award of reasonable attorney's fees to the Union was appropriate because, in the Court's view, Transdev had litigated the case "without justification." ECF No. 31 at 12 (citing *United Food & Com. Workers, Local 400 v. Marval Poultry Co.*, 876 F.2d 346, 350 (4th Cir. 1989)). Specifically, the Court found that Transdev's "fail[ure] to raise the issue of mitigation of damages" in the arbitration proceeding underlying this dispute was comparable to the employer's decision in *Marval Poultry* to "sit idle while an arbitration decision [was] rendered" then

1

attempt a collateral attack of the award "on grounds not raised before the arbitrator." *Id.* As this Court noted, Transdev's litigation conduct was more sanctionable than the employer's conduct in *Marval Poultry* because "Transdev sat idly by, not only during the arbitration proceedings, but also while the case pended in this Court, failing to seek any discovery on the issue of back pay here until the last possible moment." *Id.* at 13. The Court gave the Union fourteen days to file an appropriate Motion for Attorney's Fees, supported by the documentation required under the Court's Local Rule 109.2(b). The Court specified that the award of attorney's fees would be "relative to the parties' Motions." *Id.*; ECF No. 32 at 1.

## DISCUSSION

Transdev makes three principal arguments in opposition to the Union's Motion for fees. First, it urges the Court to refrain from awarding any fees because the Court's conclusion that Transdev litigated this action "without justification" was premised on "an erroneous assertion by the Union" that Transdev did not raise the issue of mitigation of damages in the arbitration proceeding. ECF No. 34 at 6. Second, Transdev in essence says it was not obligated to cooperate because the Union itself was guilty of an unfair labor practice by not providing information to Transdev about the grievant's interim employment. *Id.* at 11-12. Third, Transdev asks the Court to award fees less than the amount requested by the Union because Union counsel's hours are allegedly unreasonable and a full award would compensate counsel for their efforts on the entire case, not just those "relative to the parties' Motions." *Id.* at 13-14.

**I.   Whether the Court Should Reconsider Its Award of Attorney's Fees to the Union.**

Transdev asks the Court to rescind its award of attorney's fees to the Union because it says it did, in fact, raise several questions during the arbitration proceeding about the grievant union member's efforts to mitigate his damages. *See* ECF No. 34 at 6. Transdev quotes excerpts from the transcript of the arbitration proceeding, wherein Transdev's counsel asked the grievant whether "he

2

was currently working," whether "he had applied for unemployment compensation," and whether his doctor placed him on medical restrictions during his period of unemployment, to which he answered affirmatively. *Id.* According to Transdev, "[t]hese questions clearly raised the issue of mitigation." *Id.* For that reason, Transdev argues, its conduct is unlike the employer's conduct in *Marval Poultry* and it should not be sanctioned through an award of attorney's fees. *Id.* at 6-9.

The Court need not consider whether the questions asked by Transdev in the underlying arbitration suffice to raise the issue of mitigation because, as the Union notes, Transdev forfeited this argument by failing to raise it in its opposition to the Union's Motion for Summary Judgment. *See Orbit Corp v. FedEx Ground Package Sys.*, No. 2:14cv607, 2016 U.S. Dist. LEXIS 155212, at \*53 (E.D. Va. Nov. 8, 2016); *cf. Packer v. Trustees of Indiana Univ. Sch. of Med.*, 800 F.3d 843, 849 (7th Cir. 2015) ("It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal *or factual*, why summary judgment should not be entered. If it does not do so, and loses the motion, it cannot raise such reasons on appeal.").

Transdev essentially asks for the equivalent to a motion for reconsideration. Although the Federal Rules of Civil Procedure do not provide for such motions, the Court's Local Rules do. *See* D. Md. Local R. 105.10. Transdev might have filed a motion for the Court to reconsider its conclusion that Transdev did not raise the issue of mitigation during arbitration "not later than fourteen (14) days after entry" of the November 22 Order. *See id.* But Transdev failed to do so.[1]

The Court similarly finds Transdev's efforts to distinguish its conduct from that of the employer in *Marval Poultry* unpersuasive. For the reasons stated in its November 22 Opinion,

---

[1] Were Transdev's opposition to be construed as a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b), the Court would likewise deny it in any event. Transdev does not claim that the Court's decision was based on any "mistake, inadvertence, surprise, or excusable neglect," and the transcript excerpts it now presents were readily available to it at the time of the summary judgment briefing. Fed. R. Civ. P. 60(b). Nor does Transdev allege that the order was procured by fraud on behalf of the Union. *Id.* No other enumerated grounds for relief in the Rule apply here, and Transdev has not presented the Court with "any other reason that justifies relief." *Id.*

3

Transdev has frustrated the "aim of federal policy favoring the arbitration of labor disputes," by drawing out its compliance with the final award of mutually agreed-upon arbitration through "dilatory tactics." ECF No. 31 at 13.

Transdev's latest salvo attacking the Court's prior decision is little more than a variation on a theme that has defined Transdev's conduct throughout this dispute.

## II. The Union's Supposed Unfair Labor Practice as an Excuse for Transdev's Failure to Cooperate.

As a *cri de coeur*, Transdev argues that the Court should decline to award attorney's fees to the Union because Region 5 of the National Labor Relations Board ("NLRB") allegedly recently "found merit" in an unfair labor practice charge that Transdev levied against the Union. ECF No. 34 at 2, 11-12. As Transdev would have it, Transdev's refusal to remit back pay to the grievant was excused by the Union's own intransigence because the Union "failed to comply with its obligations under Section 8(b)(3)" of the National Labor Relations Act ("NLRA"). *Id.* at 11. The Union disputes Transdev's characterization of the NLRB's action, but the dispute is ultimately irrelevant.[2] As the Court observed in its November 22 Opinion, "[w]hether the Union has satisfied its obligations under the NLRA is not material" to the proceedings before the Court. ECF No. 31 at 11 n.4. Transdev should take careful note: No more delays will be countenanced.

\*   \*   \*

The Court declines to reconsider its award of reasonable attorney's fees to the Union.

---

[2] In any event, the NLRB receives "about 20,000 to 30,000 charges per year" under Section 8 of the NLRA. *Investigate Charges*, NLRB, https://www.nlrb.gov/about-nlrb/what-we-do/investigate-charges (last accessed February 1, 2024). If a charge is not settled or dismissed as frivolous, the agency will issue a complaint and set the matter for a hearing, which is what occurred here. *See id.*; ECF No. 36-1. There has been no determination by the agency or otherwise that the Union has, in fact, engaged in an unfair labor practice.

## III. Whether the Fees Requested by the Union Are Reasonable.

### A. *Legal Standard*

Once a court determines that an award of attorney's fees in a lawsuit is appropriate, it has to ensure that the fees sought by the requesting party are "reasonable." *See McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). Courts in the Fourth Circuit apply a three-part framework for calculating reasonable attorney's fees. *See Denton v. Pennymac Loan Servs., LLC*, 252 F. Supp. 3d 504, 510 (E.D. Va. 2017).

"First, the court must 'determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate.'" *Id.* (quoting *McAfee*, 738 F.3d at 88). A court is "bound to apply the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)" to determine a reasonable rate and the reasonable number of hours spent on a case. *McAfee*, 738 F.3d at 88; *see also Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978) (adopting the *Johnson* factors).

The *Johnson* factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28. Once a lodestar figure has been determined, "the court must 'subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'" *Denton*, 252 F. Supp. at 511 (citation omitted). At the third and final step, "the court should award 'some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" *Id.* (citation omitted).

5

### A. *Whether the Court Should Make a Total or Partial Award of the Requested Fees.*

The Union has requested $51,937.91 in attorney's fees and costs for a total of 250.3 hours worked by attorneys and paralegals. *See* ECF No. 33-6. The Court understands that the request covers *all* the services which counsel provided in this Court, beginning with the Complaint to enforce the arbitration award. But the Court did not have in mind to make Transdev responsible for *all* of Union counsel's work, including the drafting and filing of the Complaint. The Court's concern was with the prolix Motions that Transdev ginned up.

In awarding reasonable attorney's fees "relative to the parties' Motions," ECF No. 31 at 13, the Court had in mind to sanction Transdev for continuing to extend this case without justification. Transdev's dilatory conduct was not only evident in its opposition to the Union's Motion for Summary Judgment, but also in Transdev's Motion to Stay, and its Motion for Extension of Time to Complete Discovery. In the Court's view, time and effort expended by the Union's attorneys to respond to and contend with Transdev's discovery requests are very much in the mix, since they are all part of the motions practice. But that said, the Court does not intend to make Transdev responsible for all of the time Union counsel had to spend on the case.

Accordingly, the Court will limit its award to the time spent by the Union's attorneys on motions practice and in discovery.

### B. *Whether the Fees Requested for Motions Practice and Discovery Are Reasonable.*

Apart from opposing any award of fees to the Union, Transdev argues that the hours expended by the Union's attorneys for motions practice and discovery are unreasonable. *See id.* at 14-15. Union counsel represent that they spent 71.1 hours on discovery and 142 hours on motions

6

practice, totaling $14,641 and $29,780 in fees, respectively. Under the *Johnson* factors, the Court finds that the rates and hours of the Union's attorneys for these stages of litigation are reasonable.[3]

First, as to the attorneys' rates, the Union was represented by Matthew Watts and Lauren McDermott, two partners at Mooney, Green, Saindon, Murphy & Welch, P.C., a firm specializing in union representation in labor matters. Watts is in his tenth year of practice and McDermott is in her thirteenth year. *See* ECF No. 33-6 at 12-13. They were assisted by a third-year associate, Tamara Imam. Each charged the Union $210 per hour. *See id.* at 5. These rates are either substantially below or well within presumptively reasonable rates for attorneys with similar experience as outlined in the Court's Appendix B to its Local Rules. *See* D. Md. Local R. App'x B. A paralegal, Caitlin Cooper, also assisted in this case. Her rate was $110 per hour, which also falls within the presumptively reasonable rates recognized in Appendix B. *See id.*[4] The Court finds the rates charged here—at or below the presumptively reasonable rates recognized by the Court's Local Rules—to be reasonable. *See, e.g., Gonzalez v. Caron*, Civil Action No. CBD-10-2188, 2011 U.S. Dist. LEXIS 99465, at *7-8 (D. Md. Sep. 2, 2011).[5]

As for the hours Union counsel expended, the Court finds that 71.1 hours on discovery and 142 hours on motions practice are also reasonable. As to discovery, Transdev itself concedes that it propounded seven interrogatories to the Union, six requests for admission, and twenty-four requests for documents. *See* ECF No. 34 at 14. The Union responded to this firehose of requests, either through written objections, answers, or document productions. *See id.* Union counsel also

---

[3] The Court agrees with the Union that certain *Johnson* factors, such as the attorney's opportunity costs and undesirability of this case in the local community, are inapplicable. *See* ECF No. 33-6 at 9, 14.

[4] The Court concludes that the firm and attorneys' respective experience, reputations, and abilities weigh in favor of finding the rates charged by Union counsel are reasonable. *See Johnson*, 488 F.2d at 717-19.

[5] The Union has also provided attorney affidavits from other cases seeking the enforcement of arbitration awards, all showing that the rates charged in those cases exceed the rates charged by the Mooney Green attorneys here. *See, e.g.,* ECF No. 33-6 at 9-10; *id.* at 14. Under *Johnson*, this documentation and Watt's affidavit stating that Mooney Green gave the Union a discounted rate bolsters the Court's conclusion that the rates charged were reasonable in light of the firm's "customary fee for like work" and "attorney's fees awards in similar cases." *Barber*, 577 F.2d at 226 n.28

produced a privilege log. *See id.* Though Transdev characterizes the Union's responses to its requests as "minimal," *id.* at 14-15, much to the contrary these responses required a decent quantum thought and preparation on the part of the Union attorneys. Moreover, Transdev's service of written discovery on the Union on August 23, 2023—*one month before the close of discovery, see* ECF No. 20 at 1—added insult to injury, sharply limiting the time Union counsel had to prepare their responses.[6]

The total fees requested by the Union for discovery and motions practice would result in an award of $44,421, excluding costs. Any amount attributable to unsuccessful claims need not be subtracted from this lodestar figure, *Denton*, 252 F. Supp. at 511, because the Union pressed just one claim, on which it prevailed entirely. *See* ECF Nos. 31, 32. For the same reasons, the Court need not reduce the award any further because the Union achieved full success on the merits of its claims. *See Denton*, 252 F. Supp. at 511.

The Court also finds that the costs the Union requests, including the filing fee, costs for service of process, copies, and postage, are "reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Trs. of the Nat'l Automatic Sprinkler Indus. Welfare Fund v. Westland Fire Prot., Inc.*, No. DKC 12-1421, 2014 U.S. Dist. LEXIS 25943, 2014 WL 824121, at *3 (D. Md. Feb. 28, 2014) (citation omitted). The Court will award the requested $524.91 in costs.

In sum, the Union is entitled to an award of attorney's fees and costs in the amount of $44,945.91.

---

[6] The Court finds the other applicable *Johnson* factors also weigh in favor of finding that the rates charged by the Mooney Green attorneys are reasonable. The submitted affidavit and billing records show that the attorneys exercised "billing judgment" by "winnowing the hours actually expended down to the hours reasonably expended" on motions practice and discovery. *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 789 (D. Md. 2000); *see* ECF No. 33-1 at 6; ECF No. 33-2.

## CONCLUSION

In conclusion, the Court will **ORDER** that:

1. The Union's Motion for Attorney's Fees (ECF No. 33) is **GRANTED** in reduced amount; and

2. Attorney's fees and costs in the amount of $44,945.91 are **AWARDED** to the Union, which **SHALL** promptly be paid by Transdev.

A separate Order will issue.

February 7, 2024

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE